JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

DAVID B. GLAZER, D.C. Bar No. 400966
301 Howard Street, Suite 1050
San Francisco, California 94105
Phone: (415) 744-6491
Fax: (415) 744-6476
david.glazer@usdoj.gov

S. DEREK SHUGERT, OH Bar No. 84188
DEVIN T. KENNEY, UT Bar No. 15647
United States Department of Justice
Natural Resources Section
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0169 (Shugert); (202) 532-3351 (Kenney)
Fax: (202) 305-0506
shawn.shugert@usdoj.gov; devin.kenney@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| WHITEWATER DRAW NATURAL RESOURCE CONSERVATION DISTRICT, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN F. KELLY, *et al*., <br><br> Defendants. | **Case No. 3:16-cv-2583** <br><br> **FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO MOTION TO STAY THE LITIGATION** <br><br> Date and Time: July 3, 2017; 10:30 a.m. <br> Courtroom: 5B <br><br> No Oral Argument Unless Requested by the Court <br><br> Hon. H. James Lorenz |

Case No. 3:16-cv-2583

## I. INTRODUCTION

In order to simplify the issues and questions of law before this Court, Federal Defendants moved for a temporary stay of the proceedings. The Department of Homeland Security ("DHS" or "Agency") is now reviewing all immigration related policies in accordance with multiple executive orders and guidance from the President. This review implicates and has the potential to moot the majority of claims and counts in Plaintiffs' Complaint. Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Stay, ECF No. 33-1 ("Pls.' Opp'n"), misapplies the Ninth Circuit's standard in granting a stay by focusing only on one factor and ignoring the benefits that a stay would provide to the Court and parties. The circumstances before the Court support granting a stay, as evidenced by the rescission of nine of the thirty-three actions within Counts II and III of Plaintiffs' Complaint. Plaintiffs fail to recognize that rescission or withdrawal of these actions moots Plaintiffs' claims – regardless of what cause of action they are brought under -- and eliminates the Court's authority to hear those challenges. Plaintiffs' Opposition fails to show any damage they would suffer if the stay is granted. Applying the proper standard, a stay is appropriate.

## II. ARGUMENT

### A. Plaintiffs' Opposition Misstates the Legal Standard for Granting a Stay

The Ninth Circuit considers factors related to judicial economy in deciding whether to grant a temporary stay of proceedings. Courts have broad discretion to stay proceedings and defer judicial review in the interest of justice and efficiency. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In the Ninth Circuit, courts weigh "the competing interests which will be affected by the granting or

refusal to grant a stay . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)). These competing interests may include (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*; (quoting *CMAX, Inc.,* 300 F.2d at 268); *accord Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 963 (S.D. Cal. 1996) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)); *Nunez v. Supervalu, Inc.,* No. 13-cv-626-WQH-JMA, 2014 WL 2759077, at *2 (S.D. Cal. June 16, 2014).

Plaintiffs' Opposition misstates the Ninth Circuit's standard for granting a stay of proceedings. Plaintiffs' singular focus on hardship or inequity that Federal Defendants may encounter in the event of a stay, and accompanying disregard for any benefits to the orderly course of justice, provides an incomplete picture of the case law. *See* Pls.' Opp. at 6–8. Plaintiffs selectively observe that an applicant for a stay "must make out a clear case of hardship or inequity in being required to go forward." Pls.' Opp'n 6 (citing *Landis*, 299 U.S. at 254–55). However, the *Landis* Court strongly qualified the statement Plaintiffs rely upon, observing that "[c]onsiderations such as these . . . are counsels of moderation rather than limitations upon power," and refused to adopt the strict and mechanical application advanced by Plaintiffs. *See Landis*, 299 U.S. at 254–55. Rather, in considering whether to grant a stay, the court must balance the competing interests weighing for and against the stay. *See Lockyer*, 398 F.3d at 1110 (stay may serve the interests of judicial economy by allowing development of factual and legal issues); *see also Haw. Nurses' Ass'n Collective Bargaining Org. v. Kapiolani Health Care Sys.*, 890 F. Supp. 925, 931 (D. Haw. 1995) (noting that where an issue was already before a federal agency and where the federal agency's ultimate decision would be determinative, "a stay w[ould] serve judicial economy"); *Ctr. for Biological Diversity v. U.S. Dep't of*

3                                                                                      Case No. 3:16-cv-2583

*Interior*, 255 F. Supp. 2d 1030, 1039 (D. Ariz. 2003) (granting a motion for stay in the interest of judicial economy where an agency was reviewing policy changes). Thus, this Court should examine all factors pertinent to a stay.

**B.      Federal Defendants Meet the Relevant Standard for Issuance of a Stay**

1. <u>Granting a Stay Strongly Supports the Orderly Course of Justice by Simplifying the Issues Before the Court.</u>

   a. As a Result of DHS' Ongoing Review of Immigration Policy, Many of the Challenged Actions Will No Longer be Reviewable Under the APA's Waiver of Sovereign Immunity

Though Plaintiffs' Opposition summarily dismisses any impact mootness of individual actions may have on this litigation, Pls.' Opp'n 7–9, granting a stay during the current review would simplify the issues before the Court for two independent reasons. First, with respect to any actions challenged in the Complaint that are withdrawn as a result of the Agency's ongoing review, no basis will exist for this Court's review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. In addition, any withdrawn regulations, memoranda, etc. would be moot as a matter of Article III jurisdiction.

Where a statute, such as the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4331-4370m-12, does not supply a cause of action, the APA provides for judicial review of challenges to a federal agency's compliance with these statutes. *See Native Ecosystems Council v. U.S. Forest Serv.,* 428 F.3d 1233, 1238 (9th Cir. 2005). The APA waives sovereign immunity only for claims based on "final agency action for which there is no other adequate remedy in a court." <u>See</u> 5 U.S.C. § 704. For an agency action to be a "final agency action" reviewable under the APA, the action must both "mark the consummation of the agency's decision-making process," and "be one by which rights or obligations have been determined, or from which legal consequences will

flow. . . ." *Bennett v. Spear*, 520 U.S. 154,177-78 (1997). NEPA analysis (or lack thereof) alone, in the absence of an associated final agency action, is not separately reviewable. *Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1103–05 (9th Cir. 2007) ("Absent final agency action, there [is] no jurisdiction in the district court to review [a] NEPA claim[,]" notwithstanding the preparation of NEPA analysis in advance); *SPRAWLDEF v. Fed. Emergency Mgmt. Agency*, No. 15-cv-02331-LB, 2016 WL 6696046, at *6–7 (N.D. Cal. Nov. 15, 2016) (court lacks jurisdiction to review NEPA analysis in the absence of reviewable agency action), *appeal docketed,* No. 17-15093 (9th Cir. Jan. 19, 2017). Plaintiffs acknowledge that they have challenged dozens of purported agency actions, but then claim that it does not matter to this Court's analysis of the APA reviewability of Plaintiffs' claims or of its own Article III power whether many of those actions may be withdrawn. Pls.' Opp'n 2. Instead, they curiously assert that the Court can somehow consider the Agency's compliance in the abstract, *id*. at 7, and even suggest that they will show that the Agency's "mindset is arbitrary and capricious," *id*. at 9. But only final agency actions - not "mindsets" - are subject to judicial review under the APA.

As Plaintiffs do not dispute, the actions challenged in their Complaint are currently under exhaustive review and may change in the near future, thereby rendering many of the underlying actions for Plaintiffs' NEPA claims moot. Under the terms of both the Public Safety and Border Security Executive Orders, the Secretary must submit an interim report on the progress of review within 90 days and a final report detailing the results of his review within 180 days of the Orders' issuance. Exec. Order No. 13,768, § 15, 82 Fed. Reg. 8799, 8802 (Jan. 25, 2017) ("Pub. Safety Exec. Order"); Exec. Order No. 13,767, § 15, 82 Fed. Reg. 8793, 8796 (Jan. 25, 2017) ("Border Sec. Exec. Order"). The 90-day interim reports are already under review by the Office of the Secretary, and 180-day reports are due to the President on July 24, 2017. *See* Decl. of Michael T. Dougherty ¶ 6, ECF No. 32-2.

Further, since the filing of this case, nine actions (12, 13, 15, 17, 18, 21, 22, 23, and 24) in Counts II and III of Plaintiffs' Complaint have been rescinded, withdrawn, or superseded during the new administration's ongoing review of immigration policy at DHS. Actions 12, 13, 15, and 18 were explicitly rescinded and superseded by substitute guidance in 2014, which in turn has been rescinded and superseded since this case was filed. *See* Dep't of Homeland Sec., POLICIES FOR THE APPREHENSION, DETENTION AND REMOVAL OF UNDOCUMENTED IMMIGRANTS 2 (Nov. 20, 2014), https://www.dhs.gov/sites/default/files/publications/14_1120_memo_prosecutorial_discretion.pdf; Pub. Safety Exec. Order, § 4, 82 Fed. Reg. at 8800; Dep't of Homeland Sec., ENFORCEMENT OF THE IMMIGRATION LAWS TO SERVE THE NATIONAL INTEREST 2 (Feb. 20, 2017), https://www.dhs.gov/sites/default/files/publications/17_0220_S1_Enforcement-of-the-Immigration-Laws-to-Serve-the-National-Interest.pdf. Action 17 also had already been effectively superseded by subsequent detainer forms, which in turn have been replaced since this case was filed. *See* Pub. Safety Exec. Order, § 4, 82 Fed. Reg. at 8800; Dep't of Homeland Sec., ENFORCEMENT OF THE IMMIGRATION LAWS TO SERVE THE NATIONAL INTEREST 3–4. Actions 21 and 22 were explicitly rescinded since Federal Defendants' Motion for Stay. Pub. Safety Exec. Order, § 4, 82 Fed. Reg. at 8800; Dep't of Homeland Sec., RESCISSION OF MEMORANDUM PROVIDING FOR DEFERRED ACTION FOR PARENTS OF AMERICANS AND LAWFUL PERMANENT RESIDENTS ("DAPA") (June 15, 2017), https://www.dhs.gov/news/2017/06/15/rescission-memorandum-providing-deferred-action-parents-americans-and-lawful. Actions 23 and 24 were also explicitly rescinded and superseded since this case was filed. Pub. Safety Exec. Order, § 10(a), 82 Fed. Reg. at 8801; Dep't of Homeland Sec., ENFORCEMENT OF THE IMMIGRATION LAWS TO SERVE THE NATIONAL INTEREST 2. Most of the remaining actions challenged by Plaintiffs are currently under close review pursuant to the cited executive orders and guidance. For those actions that have been rescinded, there is no longer any "final agency action" that this Court could review.

### b. As a Result of DHS' Ongoing Review of Immigration Policy, Many of the Challenged Actions Will No Longer be Reviewable Because The Case is Constitutionally Moot as to those Actions

Plaintiffs nonetheless contend that this litigation can move forward despite the actual or potential rescission of the policies that comprise their Complaint. *See* Pls.' Opp'n 7 ("Defendants have not explained why their defense would require defending the actions themselves."). This argument ignores basic elements of judicial power, jurisdiction, and justiciability. The Supreme Court has long held that, "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Federal courts lack jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted). A plaintiff bears the burden of demonstrating the existence of a case or controversy at all stages of the litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted); *see also S.D. Myers, Inc. v. City and Cty. of San Francisco*, 253 F.3d 461, 474 (9th Cir. 2001). In order to demonstrate this, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7; *see also Pub. Utils. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). The "mere physical or theoretical possibility that the challenged conduct will again injure the plaintiff is insufficient to establish a present case or controversy." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987).

If an actual or threatened injury from a challenged government action no longer exists, or a change in circumstances deprives a court of the ability to provide any meaningful or effective relief for the alleged violation, the matter is moot. *See Mills v. Green*, 159 U.S. 651, 653 (1895); *see also Or. Nat. Res. Council, Inc. v. Grossarth*, 979 F.2d 1377 (9th Cir. 1992) (NEPA challenge moot where challenged timber sale

withdrawn).  "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pub. Utils. Comm'n*, 100 F.3d at 1458 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).  Not only would judicial review of such actions at this time be a poor use of judicial resources given the considerable flux in the "actions" underlying Plaintiffs' NEPA claims, as discussed above, but such review is foreclosed by the constitutional prohibition on "advisory opinions on abstract propositions of law." *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 853–54 (9th Cir. 1985) (citations omitted).

For instance, one of the rescinded actions (Action 23) is a November 20, 2014, Memorandum that Plaintiffs allege instructed DHS immigration agents "to protect a larger number of aliens from deportation than DHS policies previously had." Compl. p. 55.  Plaintiffs' asserted NEPA harm is the environmental impacts from the alleged incremental increase in immigration.[1]  Compl. ¶ 69.  Now that the policy has been withdrawn, there is no injury to Plaintiffs from that Memorandum regardless of whether the memorandum needed to or did comply with NEPA in the first instance.  *See Feldman v. Bomar*, 518 F.3d 637, 644 (9th Cir. 2008) (Holding that a litigant under NEPA must demonstrate a "remediable harm that effects their 'existing interests,'" not simply past interests, in order to survive mootness.).  Article III prohibits the Court from reviewing actions that no longer have any real-world effect.

---

[1] Plaintiffs must allege a concrete injury, not only a procedural injury, to satisfy Article III standing requirements under NEPA.  *See City of Sausalito v. O'Neill,* 386 F.3d 1186, 1197 (9th Cir. 2004) (plaintiff alleging a procedural injury must also assert a concrete interest that is threatened by failure to comply with the procedural requirement); *Cantrell v. City of Long Beach*, 241 F.3d 674, 679 (9th Cir. 2001) (plaintiff alleging procedural injury must show that the procedures protect a concrete interest).

2. <u>Federal Defendants Will Suffer Hardship if the Stay is Not Granted and Plaintiffs' Opposition Fails to Identify Damage from Issuance of a Stay.</u>

Granting the stay will allow Federal Defendants to avoid hardship from compiling administrative records for each of the challenged actions and briefing the merits of each of those actions. Contrary to Plaintiffs' allegations, Pls.' Opp'n 7, defending the presented NEPA claims would require Federal Defendants to compile administrative records for each action. This process takes considerable government time and resources. Requiring the agency to defend numerous actions that may soon be withdrawn or superseded is a hardship that could easily be avoided with a stay. *See Lockyer*, 398 F.3d at 1110. Plaintiffs further fail to assert any harms they will incur if this Court grants the stay. *See* Pls.' Opp'n 7–9. Therefore, on balance, this Court should grant the stay because the burden on Federal Defendants and the benefits to the orderly course of justice discussed above substantially outweigh any undefined harms Plaintiffs might incur.

## III. **CONCLUSION**

Notwithstanding Plaintiffs' arguments, Federal Defendants have presented reasons that, on balance, favor this Court granting a stay. Accordingly, this Court should stay the case and all pending deadlines while the Secretary and Attorney General conduct their review of the implicated policies, actions, and directives, and that the stay remain in place until 45 days after the conclusion of review and any resulting recommendations. At the end of the stay, the parties will submit a joint status report concerning further proceedings in this matter. If the Court declines to grant a stay, Federal Defendants reiterate their request for 21 days from the date of the Court's Order to respond to the Complaint.

|   |   |
|---|---|
| | Respectfully submitted, |
| DATED: June 26, 2017 | JEFFREY H. WOOD<br>Acting Assistant Attorney General<br>Environment & Natural Resources Division |
| | By  */s/ S. Derek Shugert*<br>S. DEREK SHUGERT<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Trial Attorney, Natural Resources Section<br>Post Office Box 7611<br>Washington, D.C. 20044-7611<br>Tel: (202) 305-0169 (Shugert)<br>Fax: (202) 305-0506<br>E-mail: shawn.shugert@usdoj.gov |
| | *Attorney for Federal Defendants* |