JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

BARCLAY T. SAMFORD
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1475
Facsimile:   (303) 844-1350
Clay.Samford@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| WHITEWATER DRAW NATURAL RESOURCE CONSERVATION DISTRICT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, *et al.*,<br><br>Federal Defendants. | Case No. **3:16-cv-2583**<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hon. H. James Lorenz |

Pursuant to Federal Rules of Civil Procedure 8 and 15, Kirstjen M. Nielsen, in her official capacity as Secretary of Homeland Security, and the Department of Homeland Security ("DHS"), Federal Defendants, by their undersigned counsel, submit the following Answer and defenses to the claims and allegations in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (ECF No. 44).

The paragraph headings in this Answer correspond to the paragraph headings in Plaintiffs' Amended Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Amended Complaint. The "headings" are not part of Federal Defendants' answer to the allegations. Federal Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence.

<u>"PRELIMINARY STATEMENT"</u>

1.     Paragraph 1 constitutes Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever. Paragraph 1 also contains allegations related to claims that were dismissed by the Court, in its September 30, 2018 Order Granting Defendants' Partial Motion to Dismiss ("Order"), ECF No. 55, and therefore no further response is required.

2.     Paragraph 2 constitutes Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

3.     Sentences one, two, and three of Paragraph 3 purport to characterize and quote the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of

NEPA and its regulations.  Sentence four of Paragraph 3 constitutes Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

4.     Federal Defendants admit the allegation in the first sentence of Paragraph 4.  In response to the allegations in the second sentence of Paragraph 4, Federal Defendants admit that in 1970 the Immigration and Naturalization Service (INS) administered the federal programs authorized by statute regulating the entry of foreign nationals into the United States.  Federal Defendants deny the remainder of the allegations in the second sentence of Paragraph 4.  Federal Defendants deny the allegations in the third sentence of Paragraph 4.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 4 and aver the Department of Homeland Security was created in November 2002.  The allegations in the fifth sentence of Paragraph 4 constitute conclusions of law to which no response is required.  Federal Defendants deny the allegations in the sixth sentence of Paragraph 4 and aver DHS adopted NEPA procedures in 2006, which were revised in 2014 by DHS Directive 023-01rev1 and Instruction 023-01-001rev1.

5.     The allegations in the first four sentences of paragraph 5 constitutes Plaintiffs' characterization of DHS's Instruction Manual, which speaks for itself and constitutes the best evidence of its contents.  Moreover, Plaintiffs' challenge to DHS's Instruction Manual (Count I) has been dismissed by the Court.  ECF No. 55.  To the extent a response to the first four sentences of paragraph 5 is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.  Federal Defendants deny the allegations in the fifth sentence of paragraph 5.

6.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis, deny the allegations.  Footnote 1 references information contained in an affidavit and two reports from purported experts.  These documents speak for themselves and are the best evidence

1   of their contents.  Federal Defendants reserve the right to challenge the use of these

2   documents, and other attached to Plaintiffs' complaint, as a basis for merits review in this

3   APA challenge, and on any other grounds that would prevent them from being admissible

4   in this case.

5        7.    Paragraph 7 constitutes Plaintiffs' characterization of their case to which no

6   response is required.  To the extent a response is required, Federal Defendants deny any

7   violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

8                              **"JURISDICTION AND VENUE"**

9        8.    The allegations in the first sentence of Paragraph 8 consist of conclusions of

10  law, which do not require a response.  The allegations in the second sentence of

11  paragraph 8 constitute Plaintiffs' characterization of their case to which no response is

12  required.  To the extent a response is required, Federal Defendants deny any violation of

13  law and deny that Plaintiffs are entitled to any relief whatsoever.

14       9.    The allegations in Paragraph 9 consist of conclusions of law, which do not

15  require a response.

16                              **"RELEVANT STATUTES"**

17  **A. "THE NATIONAL ENVIRONMENTAL POLICY ACT"**

18       10.   Paragraph 10 purports to characterize and quote NEPA and its implementing

19  regulations, which speak for themselves and are the best evidence of their contents.

20  Federal Defendants deny any allegations contrary to the plain language, context, or

21  meaning of NEPA and its regulations.

22       11.   Paragraph 11 purports to characterize and quote NEPA, which speaks for itself

23  and is the best evidence of its content.  Federal Defendants deny any allegations contrary

24  to the plain language, context, or meaning of NEPA.

25       12.   Paragraph 12 purports to characterize and quote NEPA, which speaks for itself

26  and is the best evidence of its content.  Federal Defendants deny any allegations contrary

27  to the plain language, context, or meaning of NEPA.

28

13.     Paragraph 13 purports to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of NEPA and its regulations.

14.     Paragraph 14 purports to characterize and quote NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of NEPA and its regulations.

15.     Paragraph 15 purports to characterize and quote NEPA and regulations promulgated by the Council on Environmental Quality ("CEQ"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of NEPA and the CEQ regulations.

16.     Paragraph 16 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

17.     Paragraph 17 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

18.     Federal Defendants deny the allegations in the first sentence of Paragraph 18 and aver that DHS adopted its current NEPA Directive and Instruction Manual in November 2014. The remaining allegations in Paragraph 18 purport to characterize and quote the DHS Instruction Manual, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the DHS Instruction Manual.

19.     Paragraph 19 purports to characterize and quote NEPA, which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary

to the plain language, context, or meaning of NEPA.

20.    Paragraph 20 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

21.    Paragraph 21 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

22.    Paragraph 22 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

23.    Paragraph 23 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

24.    Paragraph 24 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

25.    Paragraph 25 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

**B. "THE ADMINISTRATIVE PROCEDURE ACT"**

26.    Paragraph 26 purports to characterize and quote both the APA and the decision in *Motor Vehicle Mfrs. Ass'n of the U.S. Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the APA and the decision in *Motor Vehicle Mfrs. Ass'n*.

<u>**"PARTIES"**</u>

**A. "PLAINTIFFS"**

27.     The allegations in the first sentence of paragraph 27 purport to characterize the contents of a website, which speaks for itself and is the best evidence of its content. The allegations in the second, third, fourth, and fifth sentences purport to characterize a website, as well as Title 27, Chapter 6 of the Arizona Revised Statutes, which speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the cited Arizona statutes.

28.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis, deny the allegations.

29.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.  The allegations in the second sentence of Paragraph 29 purport to characterize a paper by Jessica Vaughan which speaks for itself and is the best evidence of its content.

30.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

31.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

32.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff

organizations are harmed by challenged actions of Defendants.

33.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, seventh, eighth, fifteenth, sixteenth, and seventeenth sentences of Paragraph 33 and on that basis, deny the allegations.  The allegations in the fourth, fifth and sixth sentences of Paragraph 33 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.  The allegations in the ninth, tenth, eleventh, twelfth, and thirteenth sentences of Paragraph 33 purport to characterize a paper by Steven A. Camarota and Bryan Griffith, which speaks for itself and is the best evidence of its content. The allegations in the eighteenth sentence of Paragraph 33 purport to characterize a paper by Jessica Vaughan which speaks for itself and is the best evidence of its content.

34.     The allegations in sentence 12 of Paragraph 34 purport to characterize a website which speaks for itself and is the best evidence of its content.  Federal Defendants aver that the official population statistics are those compiled by the United States Census Bureau.  Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 34 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

35.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third through ninth sentences of Paragraph 35 and on that basis, deny the allegations.  The allegations in the second sentence of Paragraph 35 appear to pertain to one of the eight programs challenged in Court II of Plaintiffs' Amended Complaint, the TPS Program, which have been dismissed by the Court, and thus require no response.  To the extent a response is required, Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed

1    by challenged actions of Defendants.

2    36.    The allegations in the third sentence of paragraph 36 constitute Plaintiffs'

3    characterization of their case to which no response is required.  To the extent a response

4    is required, Federal Defendants deny any violation of law and deny that Plaintiffs are

5    entitled to any relief whatsoever.  Federal Defendants lack the knowledge or information

6    sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and

7    on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the

8    members of the plaintiff organizations are harmed by challenged actions of Defendants

9    37.    The allegations in the sixth, seventh and eighth sentences of Paragraph 37

10   purport to characterize a paper by Griffith, Bryan and Camarota, which speaks for itself

11   and is the best evidence of its content.  Federal Defendants lack the knowledge or

12   information sufficient to form a belief as to the truth of the remaining allegations in

13   Paragraph 37 and on that basis, deny the allegations. Federal Defendants deny the

14   Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions

15   of Defendants.

16   38.    Federal Defendants lack the knowledge or information sufficient to form a

17   belief as to the truth of the allegations in Paragraph 38 and on that basis, deny the

18   allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff

19   organizations are harmed by challenged actions of Defendants.

20   39.    Federal Defendants lack the knowledge or information sufficient to form a

21   belief as to the truth of the allegations in Paragraph 39 and on that basis, deny the

22   allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff

23   organizations are harmed by challenged actions of Defendants.

24   40.    Federal Defendants lack the knowledge or information sufficient to form a

25   belief as to the truth of the allegations in the first and second sentences of Paragraph 40

26   but aver that the official population statistics are those compiled by the United States

27   Census Bureau.  Defendants deny any allegation that the cited population statistics result

28

from any violation of law by Defendants.  Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 40 and on that basis, deny the allegations. Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

41.    Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

42.    The allegations in the seventh sentence of paragraph 42 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.  The allegations in the fourth sentence of Paragraph 42 purport to characterize a website that speaks for itself and is the best evidence of its content.  Federal Defendants aver that the official population statistics are those compiled by the United States Census Bureau.  The allegations in the fifth and sixth sentences of Paragraph 42 purport to characterize a paper by Griffith and Camarota which speaks for itself and is the best evidence of its content.   Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 42 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

43.    Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth and seventh sentences of Paragraph 43 but aver that the official population statistics are those compiled by the United States Census Bureau.  Defendants deny any allegation that the cited population statistics result from any violation of law by Defendants.   Federal Defendants lack the

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

44.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

45.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

46.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth, seventh, eighth, ninth and seventeenth sentences of Paragraph 46 but aver that the official population statistics are those compiled by the United States Census Bureau.  Defendants deny any allegation that the cited population statistics result from any violation of law by Defendants.  The allegations in the eighteenth sentence of Paragraph 46 purport to characterize a report, "Vanishing Open Spaces," which speaks for itself and is the best evidence of its content. The Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 46 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

47.     Federal Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis, deny the allegations.  Federal Defendants deny the Plaintiffs or the members of the plaintiff organizations are harmed by challenged actions of Defendants.

## B. "DEFENDANTS"

48.     Federal Defendants admit the allegations in the first sentence of Paragraph 48 except to deny DHS was established in 2003 and to aver that DHS was established in November 2002 with the passage of the Homeland Security Act.  The allegations in the second, third and fifth sentences of Paragraph 48 contain conclusions of law to which no response is required.  In response to the allegations in the fourth sentence of Paragraph 48, Federal Defendants admit that U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services (USCIS), and U.S. Immigration and Customs Enforcement (ICE) are components of DHS.

49.     Federal Defendants admit the allegations in the first sentence of Paragraph 49. The remaining allegations in Paragraph 49 contain conclusions of law to which no response is required.

### "GENERAL ALLEGATIONS"

**"People Cause Environmental Impacts. DHS's Programs That Regulate the Entry Into and Settlement of People in the United States Causes Human Population Growth. Accordingly, NEPA Requires Analysis by DHS of these Programs."**

50.     Paragraph 50 constitutes Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

i.     Paragraph 50(i) purports to characterize and quote NEPA and CEQ regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of NEPA and the CEQ regulations.

ii.     The allegations in Paragraph 50(ii) are too vague as to permit a response.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

iii.     Federal Defendants deny the allegations in the first sentence of Paragraph 50(iii).  Federal Defendants admit the allegations in the second sentence of Paragraph 50(iii).  The allegations in the third sentence of Paragraph 50(iii), which concern what the population growth of the United States would be in the absence of immigration are too speculative to permit a response and are therefore denied.  To the extent a response is required, Defendants deny any allegation that the cited population figures result from any violation of law by Defendants.  The allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 50(iii) purport to characterize the contents of a paper by Steven A. Camarota which speaks for itself and is the best evidence of its content.

iv.     Federal Defendants deny the allegations in the first sentence of paragraph 50(iv), and aver that DHS regulates entry into the United States consistent with the agency's statutory mandates.  The allegation in the second sentence of Paragraph 50(iv) is Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

v.     Paragraph 50(v) constitutes Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

51.     Federal Defendants deny the allegations in the first sentence of Paragraph 51.  The allegations in the second sentence of paragraph 51 constitute conclusions of law, which do not require a response.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

52.     Federal Defendants deny the allegations in the first sentence of Paragraph 52.  The remaining allegations in Paragraph 52 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.

53.    Federal Defendants deny the allegations in Paragraph 53.

54.    Federal Defendants deny the allegations in Paragraph 54.

**"DHS' Eight Programs Regulating the Entry Into and Settlement of Foreign Nationals in the United States"**

55.    The allegations in Paragraph 55 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.

56.    The allegations in Paragraph 56 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.

57.    The allegations in Paragraph 57 and Table 1 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.

58.    The allegations in the first sentence of Paragraph 58 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.  In response to the allegations in the second sentence of Paragraph 58, Federal Defendants admit that lawful permanent residents and U.S. citizens may petition for the admission of both immediate and non-immediate relatives so long as there is a visa immediately available, and that this process is sometimes characterized as "chain migration."  The allegations in the third, fourth, and fifth sentences of Paragraph 58 purport to characterize a paper by Stacie Carr and Marta Tienda, which speaks for itself and is the best evidence of its content.

59.    The allegations in Paragraph 59 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in Paragraph 59 purport to characterize a paper by Jessica Vaughan, which speaks for itself and in the best

evidence of its content.

60.    The allegations in Paragraph 60 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in Paragraph 60 constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny any violation of law and deny that Plaintiffs are entitled to any relief whatsoever.

61.    The allegations in Paragraph 61 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in Paragraph 60 purport to characterize a paper by Jessica Vaughan as well as the Immigration and Naturalization Act, the United States Refugee Act, the Immigration Act of 1990, and the Illegal Immigration Reform and Immigrant Responsibility Act, each of which speaks for itself and in the best evidence of its content.

62.    The allegations in Paragraph 62 and Table 2 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in Paragraph 62 purport to characterize a paper by Jessica Vaughan, which speaks for itself and in the best evidence of its content.

63.    The allegations in Paragraph 63 and Tables 3 and 4 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in Paragraph 63 purport to characterize a paper by Jessica Vaughan, which speaks for itself and in the best evidence of its content.

64.    The allegations in Paragraph 64 and Table 5 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Further, the allegations in

Paragraph 64 purport to characterize a paper by Jessica Vaughan, which speaks for itself and in the best evidence of its content.

65.     The allegations in Paragraph 65 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.

66.     Paragraph 66 purports to characterize CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

67.     Sentence one of Paragraph 67 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.  The remaining allegations in Paragraph 67 appear to pertain to the eight programs challenged in Court II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

68.     The allegations in Paragraph 68 appear to pertain to the eight programs challenged in Count II of Plaintiffs' Amended Complaint, which have been dismissed by the Court, and thus require no response.  To the extent a response is required, Federal Defendants deny that Defendants violated NEPA in analyzing the actions remaining before the Court.

69.     The allegations in the first, second, and fourth sentences of Paragraph 69 constitute Plaintiffs statement of their case to which no response is required.  To the extent a response is required, Federal Defendants deny that they violated NEPA in analyzing the actions remaining before the Court.  The allegations in the third sentence of Paragraph 69 purport to characterize a paper by Jessica Vaughan, which speaks for itself

and in the best evidence of its content.

## "DHS's Categorical Exclusions"

70.     Federal Defendants deny the allegations in Paragraph 70.

71.     Federal Defendants admit the allegations in the first sentence of Paragraph 71 and further aver the rule did not take effect until May 29, 2015. The allegations in the remaining sentences of Paragraph 71 purport to characterize and quote from 80 Fed. Reg. 23680 and DHS's Categorical Exclusion A3(d), each of which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of 80 Fed. Reg. 23680 or Categorical Exclusion A3(d).

72.     Federal Defendants admit the allegations in the first sentence of Paragraph 72. The remaining allegations in the remaining sentences of Paragraph 72 purport to characterize and quote 81 Fed. Reg. 13039 and DHS's Categorical Exclusion A3(d), each of which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of 81 Fed. Reg. 13039 or Categorical Exclusion A3(d).

73.     Federal Defendants admit the allegations in the first sentence of Paragraph 73. The remaining allegations in Paragraph 73 purport to characterize and quote 81 Fed. Reg. 82398 and DHS's Categorical Exclusion A3(d), each of which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of 81 Fed. Reg. 82398 or Categorical Exclusion A3(d).

74.     Federal Defendants admit the allegations in the first sentence of Paragraph 74 and aver that the cited rule took effect on July 17, 2017.  Federal Defendants further aver that on May 29, 2018, DHS proposed a rule ending the International Entrepreneur parole program and removing the applicable regulations.  *See* 83 Fed. Reg. 24,415 (May 29, 2018).  The remaining allegations in Paragraph 74 purport to characterize and quote 82

Fed. Reg. 5238 and DHS Categorical Exclusions A3(a) and A3(d), each of which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of 82 Fed. Reg. 5238 or Categorical Exclusions A3(a) and A3(d).

### "Programmatic Environmental Assessment for Actions to Address an Increased Influx of Unaccompanied Alien Children and Family Units Across the Southwest Border of the United States"

75.     The allegations in the first sentence of Paragraph 75 purport to characterize the Programmatic Environmental Assessment for Actions to Address an Increased Influx of Unaccompanied Alien Children and Family Units Across the Southwest Border of the United States ("PEA"), which speaks for itself and is the best evidence of its content. Federal Defendants admit that on June 2, 2014, President Obama issued a Presidential Memorandum entitled "Response to the Influx of Unaccompanied Alien Children across the Southwest Border."  The remaining allegations in Paragraph 75 purport to characterize the PEA and the Presidential Memorandum, each of which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the PEA or the memorandum.

76.     In response to the allegations in Paragraph 76, Federal Defendants admit that the PEA and Finding of No Significant Impact ("FONSI") were issued on August 12, 2014.  The remainder of the allegations in Paragraph 76 purport to characterize the PEA and FONSI, each of which speaks for itself and is the best evidence of its content.

77.     The allegations in Paragraph 77 purport to quote the PEA, which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the PEA.

78.     Sentences, one, two, three, six, and seven of Paragraph 78 purport to quote and characterize the PEA, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations contrary to the plain language, context, or

meaning of the PEA.  The allegations in the fourth sentence of Paragraph 78 regarding whether "many" children and families "settled" in the United States after the 2014 PEA was issued are too vague and speculative to enable Federal Defendants to respond, and on that basis the allegations are denied.  Sentence five of Paragraph 78 consists of conclusions of law, which do not require a response.  To the extent a response may be deemed required, Federal Defendants deny any violation of law.

**"Environmental Impacts Resulting from These Programs"**

79.    The allegations in paragraph 79 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

80.    The allegations in paragraph 80 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

81.    The allegations in paragraph 81 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

82.    The allegations in paragraph 82 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been

dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

83.    The allegations in paragraph 83 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

84.    The allegations in paragraph 84 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

85.    The allegations in paragraph 85 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

86.    The allegations in paragraph 86 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the

Court.

87.   The allegations in paragraph 87 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

88.   The allegations in paragraph 88 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

89.   The allegations in paragraph 89 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  Federal Defendants deny any allegation that the listed impacts result from the agency actions remaining before the Court, or that Defendants violated NEPA in analyzing the actions remaining before the Court.

90.   The allegations in paragraph 90 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  To the extent a response is required, Federal Defendants deny that Defendants violated NEPA in analyzing the actions remaining before the Court.

91.   The allegations in paragraph 91 appear to pertain to the alleged impacts of the eight programs challenged in Court II of Plaintiffs' complaint, which have been dismissed by the Court, and thus require no response.  To the extent a response is

required, Federal Defendants deny that Defendants violated NEPA in analyzing the actions remaining before the Court.

## "CAUSES OF ACTION"

### "COUNT I"

<u>"The DHS Instruction Manual Violates the APA and NEPA by Failing to Require NEPA Compliance with Respect to its Actions Relating to the Entry Into and Settlement of Foreign Nationals in the United States"</u>

[Paragraphs 92 – 102]:  Per the Court's Order, this count is dismissed.

### "COUNT II"

<u>"DHS is Violating the APA and NEPA by Failing to Engage in Any NEPA Review with Respect to its Eight Programs Regulating the Entry Into and Settlement of Foreign Nationals in the United States"</u>

[Paragraphs 103 – 107]:  Per the Court's Order, this count is dismissed.

### "COUNT III"

<u>"The Categorical Exclusion A3 Established by DHS on November 6, 2014, Violates the APA"</u>

108.   Federal Defendants incorporate by reference all preceding paragraphs as if set forth fully herein.

109.   Paragraph 109 purports to characterize and quote CEQ regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ regulations.

110.   Paragraph 110 purports to quote DHS's categorical exclusion A3, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of categorical exclusion A3.

111.   The allegations in the first sentence of Paragraph 111 purport to characterize and quote DHS's categorical exclusion A3, which speaks for itself and is the best

evidence of its contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of categorical exclusion A3.  Federal Defendants deny the allegations in the remainder of Paragraph 111.

112.   The allegations in the first and second sentences of Paragraph 112 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The allegations in the third sentence of Paragraph 112 purport to characterize the CEQ NEPA regulations which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the CEQ Regulations.  Federal Defendants deny the allegation in the fourth sentence of Paragraph 112.

113.   Federal Defendants deny the allegations in Paragraph 113 and deny any violation of law.

114.   Federal Defendants deny the allegations in Paragraph 114 and deny any violation of law.

**"COUNT IV"**

<u>"The Categorical Exclusion A3 is Arbitrary and Capricious as Applied</u>
<u>to Four Actions Regulating the Entry Into and Settlement of Foreign</u>
<u>Nationals in the United States"</u>

115.   Federal Defendants incorporate by reference all preceding paragraphs as if set forth fully herein.

116.   Federal Defendants deny the allegations in Paragraph 116 and its subparagraphs and deny any violation of law.

117.   Sentences one and two of Paragraph 117 purport to quote CEQ regulations, which speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of those regulations.  Federal Defendants deny the remaining allegations in Paragraph 117.

118.   Federal Defendants deny the allegations in the first, second, and fifth sentences

of Paragraph 118.  The allegations in the third and fourth sentences of Paragraph 118 purport to characterize and quote the four challenged decisions, NEPA, and the CEQ's NEPA regulations, all of which speak for themselves and are the best evidence of their content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of the challenges decisions, statute, or the regulations.

*115.  Federal Defendants deny the allegations in the Paragraph incorrectly numbered as Paragraph 115 and deny any violation of law.

119.   Federal Defendants deny the allegations in Paragraph 119 and deny any violation of law.

120.   Federal Defendants deny the allegations in Paragraph 120 and deny any violation of law.

**"COUNT V"**

"Failure to Take a "Hard Look" at the Environmental Impacts of the June 2, 2014, Action "Response to the Influx of Unaccompanied Alien Children" in Violation of NEPA and the APA"

121.   Federal Defendants incorporate by reference all preceding paragraphs as if set forth fully herein.

122.   Paragraph 122 purports to characterize NEPA, which speaks for itself and is the best evidence of its content.  Federal Defendants deny any allegations contrary to the plain language, context, or meaning of NEPA.

123.   Federal Defendants deny the allegations in Paragraph 123 and deny any violation of law.

124.   Federal Defendants deny the allegations in Paragraph 124 and deny any violation of law.

**"PRAYER FOR RELIEF"**

The remainder of the Complaint constitutes Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendant denies any

violation of NEPA or the APA, and denies that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Wherefore, Federal Defendants request that the Court deny in all respects Plaintiffs' requests for relief, dismiss the Amended Complaint, enter judgment for Federal Defendants, and grant Federal Defendants such other relief as may be appropriate.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## DEFENSES

1.  Plaintiffs have failed to state a claim upon which relief can be granted.
2.  Plaintiffs lack standing to bring their claims.
3.  Plaintiffs have waived or failed to exhaust their administrative remedies.

Respectfully submitted,

DATED: November 14, 2018     JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By  */s/ Barclay T. Samford*
BARCLAY T. SAMFORD
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Telephone:   (303) 844-1475
Facsimile:   (303) 844-1350
Clay.Samford@usdoj.gov

24                                            Case No. 3:16-cv-2583

*Attorneys for Federal Defendants*

25

Case No. 3:16-cv-2583